THE BALTIMORE AND OHIO RAILROAD COMPANY, Appellant, *v.* CHARLES LADUE and JAMES M. CARMER, Doing Business Under the Firm Name and Style of LADUE & CARMER, Respondents.

(Supreme Court, Appellate Term, February, 1908.)

Carriers — Carriage of goods: Freight and other charges — Rate of freight — Contract for through rates — Effect of Interstate Commerce Act: Actions by carriers — Actions for freight — Evidence — Presumptions and burden of proof.

The Interstate Commerce Act, by requiring the fixing and publication of freight rates, supplies *prima facie* evidence of the contract rate which can only be overcome by an averment in avoidance thereof; and, where the charge conforms to the schedule of rates, it is *prima facie* reasonable.

Agreed rates for transportation of freight which are less than those filed with the Interstate Commerce Commission are illegal.

Where, in an action to recover freight charges as fixed in the schedule of rates filed under the Interstate Commerce Regulation Act and in force for six months before the alleged shipments of hay were made, defendants counterclaim for previous overcharges which they had been compelled to pay under protest, in order to obtain a delivery of hay shipped by them, in excess of rates fixed by legal agreement between the parties before the passage of the Interstate Commerce Act, the burden is upon the plaintiff to show that such agreement was contrary to the provisions of said act.

Where in such action the carrier failed to show either that there was no through rate filed with the Interstate Commerce Commission, in which case the filed local rates could control, or that it was different from the agreed rate, in which case the agreed rate would be illegal, the agreed rate controls.

Defendants were not liable to additional charges because of the inconvenience to, or inability of, the carrier to fulfill its contract to transport defendants' hay to the point of delivery, and were entitled to recover on their counterclaim the amount paid to another carrier for bringing the hay from an intermediate point to which plaintiff had transported it to its contract destination.

APPEAL by the plaintiff from a judgment in favor of the defendants, rendered in the Municipal Court of the city of New York, first district, borough of Manhattan.

Cravath, Henderson & Degersdorf (Edward V. Conwell, of counsel), for appellant.

Coffin & Goldmark (Herbert Goldmark and George C. Coffin, of counsel), for respondents.

*Per Curiam.* Plaintiff sued for freight charges on four cars of hay consigned to the defendants, amounting to $233.49. Defendants' counterclaim alleged overcharges for freight on seven previous shipments of hay, which defendants had been compelled to pay under protest in order to obtain delivery of such hay, amounting to $256.50. The court below gave defendants judgment for the excess of the defendants' counterclaim over plaintiff's claim, with costs. Plaintiff appeals. The rates charged by plaintiff, both for the freight covered by plaintiff's claim and for that covered by defendants' counterclaim, were the local rates fixed in schedules of rates filed under the Interstate Commerce Regulation Act, and had been continuously in force for six months before such shipments were made. By requiring the fixing and publication of those rates, the Interstate Commerce Act supplies *prima facie* evidence of the contract rate, which can only be overcome by averment in avoidance thereof. Swift v. P. & R. R. Co., 64 Fed. Rep. 59. Where the charge conforms to the schedule of rates, it is *prima facie* a reasonable charge. Kinnavey v. Term. Assn., 81 Fed. Rep. 803. Defendants base their counterclaim on an agreement made by them in the year 1903, with one Purner, the commercial freight agent of the plaintiff, which agreement was not abrogated but remained in full force when the hay mentioned in

the counterclaim was shipped in December, 1905, and January, 1906.   Under this agreement, plaintiff was to give defendants a " through rate " on all hay shipped by them from western points, as was the hay mentioned in the counterclaim, and would allow defendants to bill the hay to Green Spring, W. Va., as a " holdover point," and then bring the hay to New York on said. " through rate."   The plaintiff was to notify defendants at New York when the hay arrived at Green Spring, and the defendants would then designate the point to which they desired the hay to be sent from Green Spring; and the shipment was to be considered a " through shipment " from the point of origin to the point of destination named by defendants when the hay had reached Green Spring.   Defendants claim that, under this agreement, plaintiff shipped the hay at a " through rate " of twenty-seven cents per hundred pounds from certain points and twenty-seven and one-half cents per hundred pounds from certain other points.   When, however, the hay arrived at Green Spring, W. Va., said Purner, as plaintiff's agent, notified defendants that " local rates," not " through rates," would be charged.   Defendants protested, but were compelled to pay such " local rates " in order to get the hay delivered.   Based on " through rates," the charge would have been twenty-seven to twenty-seven and one-half cents a hundred pounds, whereas " local rates " made the charge considerably . over twenty-seven and one-half cents a hundred pounds.   The difference, as we have seen, constituted defendants' counterclaim, for the excess of which over the plaintiff's claim defendants, as above stated, obtained judgment.   It is not disputed that the hay covered by plaintiff's claim herein was shipped under no specific agreement as to rates and that the filed rates controlled, and defendants admit their liability for the charge set up in the complaint.   The claim set up in the counterclaim seems also to be without contradiction of a specific character.   Plaintiff charged rates " made up of a combination of local rates;" while, under the agreement above set forth, defendants claim that " through rates " should have been charged.   As the agreement made between the parties was legal before the passage of the Interstate Com-

merce Act, the burden was upon the plaintiff to show that such agreement was contrary to the provisions of the act. There is no doubt that, if the " through rates " alleged to have been agreed upon were less than the " through rates " duly filed with the Interstate Commerce Commission, from the respective points of origin to the respective points of designation of the seven shipments of hay, the agreed rates would be illegal and defendants' claim unenforcible (81 Fed. Rep. 803); but there is no evidence upon which to base such a finding. The plaintiff failed to show either that there was no " through rate " filed with the Interstate Commerce Commission, in which case the filed " local rates " would control, or that it was different from the agreed rate claimed by defendants, in which case the agreed rate would be illegal. There is no contradiction of defendants' testimony that a lower rate than that charged by the plaintiff was agreed upon between plaintiff and defendants, upon all shipments of hay made from the territory embracing Edgerton, O., and Corunna, Ind., nor that this rate was given them as a " through rate." Defendants are not asking the court to designate one of two sets of rates as the proper one and to enforce its application, as claimed by plaintiff's counsel; but they rely on an agreed " through rate," which plaintiff has not shown to have been illegal. It appears that plaintiff, instead of bringing the hay to New York, as required by its agreement, left some of it at Van Nest and some at Flushing, and that defendants were obliged to pay extra charges to another carrier for bringing the hay to New York, which extra charges were allowed as part of defendants' counterclaim. This was not error, for plaintiff was obliged to carry out its contract; and defendants should not be put to additional charges, not contemplated in the contract, because of the inconvenience to or inability of plaintiff in bringing the hay to New York.

The judgment should be affirmed, with costs.

Present: GILDERSLEEVE, SEABURY and GERARD, JJ.

Judgment affirmed, with costs.